

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable S. C. Smith
County Attorney
Bosque County
Meridian, Texas

Dear Sir:

Opinion No. O-5902
Re: Authority of Commissioners'
Court of Bosque County to desig-
nate a deputy to act for and draw
salary of county superintendent
inducted into the armed services.

Your recent communication to this office reads as follows:

"One of our county officials, a young man who was elected at the last elec-
tion to serve a four-year term in said office, is about to be inducted in-
to the armed services, having served a little more than a year of his term.

"Our County Judge has asked me to get a ruling from your Department as to
whether or not the Commissioners' Court of our county could designate his
deputy to act in his place in his absence and draw all salary and other
compensation of the office, so that in the event of his discharge before
his term of office expires, he could again assume the duties of the office.

"I have advised the County Judge that in my opinion this cannot be done,
but he is anxious for a ruling from your Department on this matter and I
would appreciate a ruling from you on this matter, and would be very
glad to know that my opinion in this matter is incorrect."

It is the opinion of this department that you have advised your
County Judge correctly.

Article 2689, Revised Civil Statutes, provides for the oath and
bond to be taken and given by an elective County Superintendent. Article
2693, Revised Civil Statutes, prescribes his general duties. Additional
specific duties are imposed upon said official by various other statutes.

We have been unable to find any authority, constitutional or stat-
utory, whereby your county commissioners' court is empowered to designate
any person to act in the absence of the County Superintendent, or draw his
salary and other compensation of office so long as no vacancy exists in
said office.

The commissioners' court is empowered, by a majority vote of the members of the court, present and voting, to fill a vacancy in the office of County Superintendent of Public Instruction. Article 2355, Vernon's Annotated Civil Statutes. No such authority exists, however, unless a vacancy occurs, and no such situation is presented in your communication.

Article 2700, Vernon's Annotated Civil Statutes, as amended by the 48th Legislature, provides that "the County Superintendent, with the approval and confirmation of the County Board of Education, may employ a competent assistant to the County Superintendent. . . and may employ such other assistants as necessary . . ." No provision is made for a deputy county superintendent and no provision is made covering the duties of such authorized assistants, except that they are required at all times to work under the supervision and direction of the County Superintendent of Public Instruction.

We have found no statute authorizing the appointment of a substitute county superintendent. The County Superintendent of Public Instruction is the only officer who can perform the duties of said office. Therefore, so long as no vacancy exists in said office, the Commissioners' Court of your county is without authority to designate anyone else to perform such duties. In this connection, see the case of Marquart v. Harris County, 117 S.W. (2d) 494.

Similar conclusions as herein expressed were set forth in this department's opinion No. O-3344, approved March 29, 1941.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ L. H. Flewellen

L. H. Flewellen
Assistant

LHF:EP:egw

APPROVED APRIL 5, 1944
/s/ Geo. P. Blackburn
(Acting)
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B W B
Chairman
